**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

CHRISTOPHER ROBERT MILLER,                                                    PLAINTIFF
#109083

v.                                          3:20-cv-00248-DPM-JJV

KEVIN MOLDER,
Sheriff, Poinsett County, *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District

Judge D.P. Marshall Jr.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   Your objections must be received in the office of the United States District Court

Clerk no later than fourteen (14) days from the date of this recommendations.   Failure to file

timely objections may result in a waiver of the right to appeal questions of fact.   Mail your

objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### RECOMMENDATION

## I.      INTRODUCTION

Christopher Robert Miller ("Plaintiff") is confined in the Poinsett County Detention Center

("PCDC").   He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants

violated his constitutional rights.   (Doc. 2.) After careful consideration and for the following

reasons, I recommend the Complaint be DISMISSED without prejudice for failing to state a claim

upon which relief may be granted.[1]

## II.   DISCUSSION

In his Complaint, Plaintiff alleges:

> I am being denied access to the T.V. or a newspaper. Doyal Ramey out of spit [sic]
> put me in a cell were [sic] I don't have access to the T.V. and this jail does not
> provide newspapers. The State of AR requires that an inmate have access to the
> news for an allotted time each day. This Jail has numerous inmates that do not have
> allotted time a day.

(Doc. 2 at 4.) As Defendants, Plaintiff has named Sheriff Kevin Molder, Chief Deputy Jermey,

Jail Administrator Trish Marshal, and Supervisor Doyle Ramey.   He brings this lawsuit against

them in their official capacities only.   For the following reasons, I conclude the Complaint fails

to state a plausible claim upon which relief may be granted.

There is no vicarious liability in § 1983 actions.   *Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general

responsibility for supervising the operations of a prison is insufficient to establish the personal

involvement required to support [§ 1983] liability"). This means to state a plausible claim a

prisoner "must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.   Plaintiff has not

explained how Defendants Molder, Jermey, or Marshal violated his constitutional rights through

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking
relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court
must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally
frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek
monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

their own individual actions.     Thus, Defendants Molder, Jermey, and Marshal should be dismissed without prejudice because Plaintiff has failed to plead a plausible claim against them.

In contrast, Plaintiff has raised specific factual allegations against Defendant Ramey. But, those allegations do not state a plausible claim for relief for several reasons.     First, a § 1983 action can only be brought against Defendant Ramey for a violation of a federal statutory or constitutional right.     42 U.S.C. § 1983; *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012). Prisoners retain some First Amendment rights while in prison.     *Thornburgh v. Abbott*, 490 U.S. 401, 404 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987).     For instance, prisons cannot ban or prohibit prisoners from receiving publications they or their family members have paid for, without a rational basis for doing so.     *See Id.; Murchison v. Rogers*, 779 F.3d 882, 893 (8th Cir. 2015) (finding a rational basis for a prison's decision to not allow a prisoner to have one issue of his *Newsweek* subscription).     However, this Court has held on several occasions that the First Amendment does not create an affirmative duty on prisons or jails to provide newspapers or other news publications free of charge, which is what Plaintiff appears to be alleging here. *See Ford v. Kelley,* 5:17-cv-270-JM-JJV, 2019 WL 1906255 (E.D. Ark. Apr. 29, 2019) (unpublished decision); *Brazell v. Andrews*, No. 2:17-cv-90-BSM-JTK, 2018 WL 1722391 (E.D. Ark. Mar. 22, 2018) (unpublished opinion); *Dunahue v. Watson*, No. 5:15-cv-276-BSM-BD, 2017 WL 4931705 (E.D. Ark. Jul. 18, 2017) (unpublished opinion); *Collins v. Burl*, No. 2:11-cv-40-DPM-BD, 2011 WL 2457532 (E.D. Ark. Jun. 17, 2011) (unpublished opinion).     And, it is well established that prisoners do not have a constitutional right to watch television.     *See Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002); *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993).     Thus, I conclude Plaintiff has not pled a plausible First Amendment free speech claim against Defendant Ramey.

3

Second, liberally construing the Complaint, it appears Plaintiff may be alleging Defendant Ramey put him in a cell without television for retaliatory reasons. To plead a plausible retaliation claim, Plaintiff must provide facts suggesting: (1) he engaged in a constitutionally protected activity, (2) Defendant Ramey took adverse action against him that would chill a person of ordinary firmness from continuing in the protected activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, No. 18-2360, _ F.3d _, 2020 WL 4809909 (8th Cir. Aug. 19, 2020) (to be published); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Plaintiff has not explained what constitutionally protective activity he engaged in or why Defendant Ramey was motivated to retaliate against him. And, he has not provided any facts explaining how being denied television, for an unspecified duration, would cause a prisoner of ordinary firmness from engaging in constitutionally protected activity. *See Gonzalez*, 2020 WL 4809909 at *2 ("The ordinary-firmness test is designed to weed out trivial matters from substantial violations of the First Amendment"). Accordingly, Plaintiff has not pled a plausible First Amendment retaliation claim against Defendant Ramey

Third, Plaintiff has sued Defendant Ramey in his official capacity only which "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Poinsett County cannot be held vicariously liable for Defendant Ramey's actions in a § 1983 lawsuit. *See Id.* Instead, Poinsett County can only be held liable if the constitutional violation resulted from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence*, MO., 829 F.3d 695, 699 (8th Cir. 2016). Plaintiff does not allege Defendant Ramey denied him access to a television or otherwise infringed his constitutional rights pursuant to an official Poinsett County policy, custom, or practice.

Finally, Plaintiff says Defendant Ramey violated an unspecified Arkansas law by not providing him with access to the news.   This federal court has supplemental jurisdiction to hear a claim arising under Arkansas law only if it is related to a pending federal claim.   *See* 28 U.S.C. § 1367(a).   For the reasons previously explained, the Complaint does not contain a plausible federal claim.   Therefore, there is no supplemental jurisdiction to hear any claim Plaintiff wishes to bring against Defendant Ramey under Arkansas law.   Accordingly, Defendant Ramey should also be dismissed without prejudice because Plaintiff has not pled any plausible claims against him.

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention, given him thirty (30) days to file an Amended Complaint curing them, and advised him I would recommend dismissal if he failed to timely do so.   The time for Plaintiff to file an Amended Complaint has expired.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.     Dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).[2]

3.     The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would

---

[2] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

not be taken in good faith.

DATED this 2nd day of October 2020.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE